UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

ACTION NO: 7:09-CR-00030-ART                                                                  *ELECTRONICALLY FILED*

UNITED STATES OF AMERICA                                                                                      PLAINTIFF

vs.   **REPLY TO MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**

JIMMY DEAN COLEMAN                                                                                             DEFENDANT

\* \* \* \* \*

Comes the Defendant, Jimmy Dean Coleman, by and through counsel, and provides the Court with his Reply to the United States' Memorandum in Opposition to Defendant's Motion to Dismiss the Indictment:

**BACKGROUND AND PROCEDURAL HISTORY**

As set forth by both Defendant and the United States, Defendant was convicted of Sexual Battery in Preble County, Ohio, in 2002. As punishment for his crime, Defendant served a three year prison sentence. Over the years following his release, Defendant moved around and eventually settled in Pike County, Kentucky. On August 6, 2009, Defendant was indicted for violating the Sex Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250(a), by failing to register as a sex offender.

On September 24, 2009, Defendant moved this Court to dismiss the indictment. Defendant's Motion to Dismiss the Indictment challenges the constitutionality of prosecuting Defendant under SORNA. Defendant contends that prosecution under SORNA violates the Ex Post Facto, Commerce, and Necessary and Proper Clauses of the Constitution. Defendant further contends that prosecution under SORNA violates his Equal Protection and Due Process rights.

On October 7, 2009, the United States filed a response opposing the Motion to Dismiss the Indictment, and Defendant now presents his reply.

## ARGUMENT

The United States' Memorandum does address each challenge Defendant raised. However, the United States has failed to adequately rebut Defendant's specific arguments.

**I.     SORNA violates the Ex Post Facto Clause.**

SORNA violates the Ex Post Facto Clause by retroactively increasing the punishment for Defendants underlying sex offense.  The United States argues that there was no congressional intent to punish sex offenders and that SORNA only punishes subsequent travel.  However, being a sex offender is a precondition to prosecution under SORNA and merely travelling in interstate commerce is not inherently wrong.  Additionally, SORNA carries the potentially severe penalty of up to ten years in prison.  For all practical purposes, SORNA imposes an additional punishment on Defendant based solely his status as a sex offender.

**II.     SORNA violates the Commerce Clause.**

Congress also lacked authority under the Commerce Clause to enact SORNA.  The interstate movement of convicted sex offenders may be a "national issue," but that does not mean that it has a substantial affect on interstate commerce, and the United States made no substantive argument to the contrary.  Furthermore, the United States failed to substantively address Defendant's position that people are not "channels" of interstate commerce and that SORNA does not regulate sex offenders while they are *in* interstate commerce.  Accordingly, the authority cited by the United States does not address Defendant's particular arguments.

**III.    SORNA violates Equal Protection and Substantive Due Process.**

Defendant agrees that a rational basis for distinguishing between sex offenders who travel in interstate commerce and those who do not can overcome his Equal Protection argument. However, while the United States as indicated that a rational basis inquiry applies, the United States has not actually provided a rational basis for applying SORNA only to some and not all sex offenders. To the extent that sex offenders do in fact have a substantial affect on interstate commerce, the effect is the same whether or not the sex offender actually travelled from one state to another. SORNA also has an arbitrary and capricious effect on Defendant and therefore violates his right to Substantive Due Process.

**IV.    SORNA violates the Necessary and Proper Clause.**

Finally, SORNA is not necessary or proper to adequately carrying out the Commerce Clause or any other enumerated powers. In its Memorandum, the United States ignores Defendant's argument that if SORNA were actually a necessary and proper means of regulating interstate commerce, Congress could and should have extended SORNA to all sex offenders. This fact alone brings the propriety of SORNA under the Commerce Clause into question.

Based on the foregoing, Defendant reiterates his request that this Court grant his Motion to Dismiss the Indictment.

Respectfully submitted,

**HURT, CROSBIE & May, PLLC**

127 West Main Street
Lexington, KY 40507
(859) 254-0000 (phone)
(859) 254-4763 (fax)
mmalone@hcm-law.com

BY:  /s/ Matthew R. Malone_____

## CERTIFICATE

    I do hereby certify that I filed the foregoing Reply with the Clerk of the Court on the 14th day of October, 2009 using the CM/ECF system, which will send electronic notice of same to the Hon. Elizabeth Bancroft and Hon. Brandon Marshall.

                                                  /s/ Matthew R. Malone_____